■ COMMUNITY SCHOOL BOARD DISTRICT 3 et al., Respondents, v. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants.— Order, Supreme Court, New York County entered on June 14, 1971, granting plaintiffs' application for an injunction *pendente lite*, affirmed, without costs and without disbursements. However, since a prompt final resolution of this controversy is desirable to avoid any possible loss of Title I funds (U. S. Code, tit. 20, § 241a *et seq.*) and to permit sufficient time to plan and develop programs for their use, defendants are directed to serve their answer within 20 days after publication hereof; and a trial preference shall be granted, in the interests of justice, on application of any party hereto upon the filing of a proper note of issue and the payment of the necessary fees, unless this action is otherwise disposed of upon appropriate application for accelerated judgment. Concur — Stevens, P. J., Nunez, Kupferman and Murphy, JJ.; McGivern, J., dissents in the following memorandum: It is too elementary to require citation that no injunction should issue without a clear right to it. In this case, I see such little right to the plaintiffs' position that I would dismiss the complaint. Title I of the Elementary and Secondary Education Act of 1965 (U. S. Code, tit. 20, § 241a *et seq.*) provides for assistance to local educational agencies for the education of educationally deprived children of low-income families. Under the Federal statute, New York, as a participating state, receives an annual amount, for which the State Education Department and the local educational agencies within the state are eligible. (U. S. Code, tit. 20, § 241g subd. [a], par. [1].) From these funds, the State distributes to the local educational agencies within the state the amounts to which they are entitled. (U. S. Code, tit. 20 § 241g, subd. [a], par. [2].) But *under the State decentralization law, and this is the crucial point,* community school boards are specifically prohibited from qualifying as local educational agencies. (Education Law, § 2590-i, subd. 14, par. [d].) That the City Board is to be the over-all hegemony is evident from section 2590-g of the Education Law: " The city board * * * shall have all the powers * * * and shall *determine all policies of the city district.*" (Italics supplied.) In

addition, the City Board shall have power and duty to: "5. *For all purposes,* be the 'government' or 'public employer' of all persons appointed or assigned by the city board *or the community boards*". (Italics supplied.) The chancellor, per section 2590-h, "shall exercise all his powers and duties in a manner *not inconsistent with the policies of the city board*". (Italics supplied.) Thus, although local involvement in education is encouraged and fostered, the City Board remains paramount; and in respect of Federal funds, a community board is specifically debarred from ever exercising unfettered discretion as to their use and expenditure. (Education Law, § 2590-i, subd. 14, par. [d].) The fact that the chancellor (himself an employee of the board) is limited to review of community proposals, in no way derogates from the over-riding power of the City Board, which is the only statutory receptacle of Federal funds, initially, and the wielder of over-all policy. The wisdom of this legislative scheme and design is apparent. Otherwise, we could have 31 different and independent satrapies, all competing for limited funds and yet operating without let or hindrance, resulting in a crazy-quilt of variegated and unsupervised practices, no matter how innovative, experimental, untried, or bizarre. Permitting such conditions, the possibilities of loose accounting practices, and even fraud, in respect of the independent hiring of personnel and the purchasing of equipment, are too apparent for comment, as the recent history of our afflicted city demonstrates. Thus, although I recognize the laudable intent of stimulating local involvement, and indeed, a public hearing on all Title I programs is indicated, nevertheless both the State and the Federal statutes envisage that the "policy making powers" remain ultimate and intact in the over-all City Board (the initial depository of Federal funds), in order to insure some uniformity of community practices and a more ready accountability. And there being no clear intent to the contrary, the plaintiffs are not entitled to an injunction; and their complaint should be dismissed.